UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY COBBS, | ) | |
| Petitioner, | ) ) ) | |
| vs. | ) | CAUSE NO. 3:10-CV-304 PS |
| SUPERINTENDENT, | ) ) ) | |
| Respondent. | ) ) | |

## OPINION AND ORDER

At around 9:30 a.m., on April 2, 2010, guards at the New Castle Correctional Facility found a cell phone hidden under Anthony Cobbs' mattress. Cell phones are contraband in prison and Cobbs was charged with possessing an unauthorized electronic device in violation of B-207. Cobbs maintained that the phone was not his and asked that the Disciplinary Hearing Body (DHB) review the videotape of his mattress starting at 9:00 a.m. that morning. He also submitted the statement of another inmate who said that he saw "a few guys standing by his bed before I left to go to school." ECF 7-6 at 1. The DHB reviewed the video, but rather than starting at 9:00 a.m. to see if other inmates put the phone under his mattress, the hearing officer reviewed only from 9:30 a.m. to the end of the search. The DHB then found Cobbs guilty in case number NCF 10-04-0025.

Cobbs exhausted his administrative appeals and then filed this habeas corpus petition. I ordered the respondent to submit the complete administrative record and to show cause why habeas relief should not be granted. The respondent filed a brief and submitted the administrative record, which doesn't include the videotape. Thus, I can only conclude that the videotape no longer exists, because if it did it would have been produced as a part of the administrative record.

The caselaw on videotape evidence is relatively straightforward. Inmates have the right to present relevant, exculpatory evidence within the limits of institutional safety and correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Though the DHB may exclude irrelevant, repetitive, or unnecessary evidence, it "may not arbitrarily refuse to consider exculpatory evidence simply because other evidence in the record suggests guilt." *Whitford v. Boglino*, 63 F.3d 527, 536 (7th Cir. 1995). Though due process does not require that an inmate always be permitted to watch the videotape, it does require that the DHB review any relevant video evidence that exists if requested at or before the hearing. *Piggie v. McBride*, 277 F.3d 922, 925-26 (7th Cir. 2002).

Here, though the DHB watched a segment of the videotape, it was the wrong segment. In his brief, the respondent argues that "the tape was reviewed at 9:30 A.M. because that was the time of the search and the confiscation of the cell phone and batteries (Exhibits A, E, I, & K)." ECF 7 at 6. Exhibit A is the conduct report; it says that the phone was found at approximately 9:30 a.m., but it says nothing about the review of the videotape. Exhibit E is the screening report on which Cobbs requested that the tape be reviewed starting at 9:00 a.m.; it says nothing about either the videotape review or the time of the incident. Exhibit I is the video review report; it says that the time of the incident was 09:30, but it provides no explanation as to why the DHB refused to examine the tape for the prior half hour. Exhibit K is the report of the disciplinary hearing; it does not say when the incident occurred, nor why the DHB refused to examine the tape for the prior half hour.[1]

---

[1] Indeed, it makes no mention of a videotape, though the physical evidence reference to "S/R" may mean surveillance report.

The respondent argues that Cobbs could have requested a continuance of his hearing so that the prior half hour of the tape could be reviewed. The respondent also argues that Cobbs did not otherwise complain during the hearing that the videotape was not properly reviewed. First, because prison disciplinary hearings are not transcribed, I do not know exactly what was said during the hearing.[2] Second, though the video was reviewed before the hearing, based on this record, it is unclear whether Cobbs knew what part of the videotape had been reviewed when he was at the hearing. Finally, though an inmate is required to make a timely request for evidence, the respondent has cited to no legal authority that requires an inmate to do more than that.

The respondent argues, "[l]astly, assuming arguendo that the video had been reviewed thirty minutes earlier this would not have changed the fact that this cell phone and batteries were found in a sock under the Petitioner's 'mattress at the head of the bed in a sock' (Exhibit A)." ECF 7 at 7. Though the respondent is correct,[3] that is not a basis for refusing to consider other evidence. "Prison disciplinary boards are entitled to resolve conflicts in the stories presented to them, as long as some evidence supports the decision. But they are not entitled to prevent the prisoner from offering material evidence." *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006) (quotation marks and citation omitted).

Here, because Cobbs was prevented from presenting potentially exculpatory evidence during his prison disciplinary hearing, I would review the requested segment of the video if that

---

[2] The "Offender's Comment" section on the Report of Disciplinary Hearing is merely a summary of what an inmate said during the hearing. It is neither a direct quote (unless in quotation marks) nor a complete documentation of what the inmate said during the hearing.

[3] Indeed, even if the video had shown other inmates putting the phone under his mattress, the DHB could have reasonably concluded that it was either being returned or loaned to Cobbs, rather than being planted on him. Nevertheless, the fact that the DHB could have discounted the evidence after viewing it is not a basis for refusing to view it without explanation.

were still possible. *See Felder v. McBride*, 121 Fed. Appx. 655, 656-57 (7th Cir. 2004) ("[W]hen a prisoner maintains that he was denied a meaningful opportunity to present a defense due to a CAB's refusal to consider exculpatory evidence, then procedural due process requires a district court to conduct an in camera review of the evidence rejected by the CAB to determine whether, in fact, the exculpatory information existed. *Piggie v. Cotton* (*Piggie II*), 344 F.3d 674, 678 (7th Cir. 2003); *Campbell v. Henman*, 931 F.2d 1212, 1215 (7th Cir. 1991) (per curiam)."). Here, because the video was not submitted as a part of the record, I have concluded that it no longer exists. Therefore habeas corpus relief must be granted because Cobbs clearly made a timely request for the tape. *See Felder*, 121 Fed. Appx. at 658 ("If the videotape is either exculpatory or has been erased, and the court finds that Felder made a timely request for the CAB to view the tape or was denied the opportunity to do so, then habeas corpus relief must be granted. *See* [*Piggie v. McBride*, 277 F.3d 922, 926 (7th Cir. 2002)]."

For the foregoing reasons, the petition for habeas corpus is **GRANTED**. The Respondent is **ORDERED** to remove the finding of guilt from Anthony Cobbs' record, to restore any earned credit time that he lost as a result of this disciplinary incident, and to send proof that he has complied with this order on or before November 1, 2011.

**SO ORDERED**.

ENTERED: September 27, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT